J-S23027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THEOPHILUS BERRY :
:
Appellant : No. 1089 EDA 2020

Appeal from the Order Entered April 13, 2020,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0007065-2018.

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 28, 2021**

Theophilus Berry appeals from the judgment of sentence imposed

following his open guilty plea to three counts each of corrupt organizations

and persons not to possess, use, manufacture, control, sell, or transfer

firearms, and one count each of criminal conspiracy—engaging in robbery,

criminal conspiracy to commit kidnapping, robbery—fear of serious bodily

injury, attempted kidnapping, firearms not to be carried without a license, and

aggravated assault.[1] We affirm.

In April 2018, while Berry was in prison awaiting trial for his alleged role

in a 2009 murder, a group of four other individuals which included Damon

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 911(b), 6105(a)(1), 903(a), 3701(a)(1)(ii), 901(a), 6106(a)(l), 2702(a)(4).

Murphy and Calvin Berkins drove to a used car dealership in Norristown, Pennsylvania, and robbed the owner at gunpoint. In June 2018, Berry was acquitted in the 2009 murder case. Upon Berry's release from prison, Murphy told Berry about the Norristown robbery.

On July 18, 2018, Berry, Murphy, Berkins, and two other individuals drove to the same used car dealership and robbed the owner at gunpoint. During the robbery, Berry entered the business and approached the owner with a semiautomatic handgun already drawn which he pointed directly at the owner's head. Berry then grabbed the owner by the back of the neck and forced him into the office to retrieve money which Berry believed the owner possessed. Berry stole cash, car titles and the owner's phone and subsequently led the owner outside while holding the gun to his back. Berry attempted to force the owner into the back seat of the car driven by one of the other assailants. The owner resisted, and Berry struck him with his firearm several times on the back of his head in an effort to subdue him. The owner was eventually able to break free and run away, and Berry and his co-defendants entered the vehicle and fled the scene. Further investigation revealed that Berry and his co-defendants traveled to the Sugarhouse Casino in Philadelphia later that evening to gamble with the proceeds from the robbery.

Berry was arrested and charged with robbery and related offenses. On December 19, 2019, Berry pleaded guilty to the above-referenced charges.

On January 15, 2020, the trial court imposed an aggregate sentence of twenty to forty years in prison. On January 22, 2020, Berry's defense counsel filed a post-sentence motion. On January 28, 2020, Berry's replacement counsel filed a second post-sentence motion. On April 28, 2020, while the first post-sentence motion was pending, Berry filed a premature *pro se* notice of appeal.

On July 7, 2020, the trial court denied the January 22, 2020, post-sentence motion. On July 15, 2020, the trial court dismissed the January 28, 2020, post-sentence motion as untimely. Berry did not file a notice of appeal from either of the trial court's orders denying his post-sentence motions. However, the trial court deemed his prematurely filed *pro se* notice of appeal as timely filed on July 8, 2020, the day after it entered its order denying the January 22, 2020, post-sentence motion. Both Berry and the trial court complied with Pa.R.A.P. 1925.

Berry raises the following issues for our review:

1. Whether the [instant] appeal, although filed prematurely by [Berry], acting *pro se,* should be quashed where such appeal was filed while rulings on post[-]sentence motions were outstanding and [Berry] filed such appeal due to a fear of missing appeal deadlines during the Covid-19 stay on court proceedings?

2. Whether the trial court erred by accepting a guilty plea on the charge of corrupt organizations, 18 Pa.C.S.A. [§] 911 where the Commonwealth agreed not to seek a guilty plea to that charge in return for a waiver of the preliminary hearing?

3. Whether the trial court erred by imposing sentence upon [Berry] on the corrupt organizations offense when the Commonwealth agreed not to proceed against [Berry] on that offense in return for a waiver of the preliminary hearing?

- 3 -

4. Whether the trial court erred by failing to order a drug and alcohol assessment and/or mental health evaluation of [Berry] to prepare properly for sentencing on this serious case?

5. The trial court imposed a harsh and excessive sentence upon [Berry] for the following reasons:

   a. [Berry] was not a leader or organizer of the corrupt organization;

   b. [Berry] received significantly higher sentences than all but one co[-]defendant although co[-]defendants with much lesser sentences had more significant prior criminal histories and participated in the same number, or more, criminal episodes in furtherance of the corrupt organization and, were sentenced by the same judge;

   c. [Berry's] mental health and vocational needs were not adequately factored into the sentences;

   d. [Berry] lacked a significant criminal history of prior convictions;

   e. The "victim" of this criminal episode was a drug dealer who profited by dealing drugs through his automobile business, not an upstanding citizen preyed upon the criminals.

Berry's Brief at 5-7 (unnecessary capitalization omitted, issues renumbered due to Berry's withdrawal of two issues).

In Berry's first issue, he acknowledges that his *pro se* notice of appeal was prematurely filed before the trial court had entered it July 7, 2020, order denying Berry's first post-sentence motion, but nevertheless claims that his appeal should not be quashed.

Pursuant to Pa.R.A.P. 905(a)(5), when a notice of appeal is filed after the announcement of a determination but before the entry of an appealable

order, the notice shall be treated as filed after such entry and on the day thereof. **See** Pa.R.A.P. 905(a)(5).

Here, although Berry's *pro se* notice of appeal was filed prematurely, it was nevertheless treated as timely filed after the trial court entered its order denying the January 22, 2020 post-sentence motion.[2] Thus, we will not quash Berry's prematurely-filed *pro se* notice of appeal.[3]

In Berry's second and third issues, which he discusses together,[4] Berry claims that trial court erred by accepting his guilty plea on the charge of

---

[2] As explained above, a premature notice of appeal is deemed timely filed after the entry of an appealable order "**and on the day thereof**." **See** Pa.R.A.P. 905(a)(5). Here, the trial court entered its order denying the January 22, 2020 post-sentence motion on July 7, 2020. Therefore, the notice of appeal should have been deemed filed on that same date that the order was entered. However, the trial court deemed the notice of appeal as timely filed the following day, on July 8, 2020. As this error does not affect our disposition, we find it harmless.

[3] We observe that, at the time he filed his *pro se* notice of appeal, Berry was represented by counsel. Our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, while there is no right to hybrid representation, there is a right to appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1138 (Pa. 1993). Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). Thus, even though Berry was represented by counsel when he filed his *pro se* notice of appeal, the trial court properly docketed the notice and forwarded it to this Court pursuant to Pa.R.A.P. 902.

[4] We note with disapproval that Berry failed to discuss his various issues separately or divide them into separate parts of his brief. Our Rules of
*(Footnote Continued Next Page)*

corrupt organizations, and by imposing sentence on that count.[5] Berry claims that the Commonwealth agreed not to seek a guilty plea to that charge in return for a waiver of the preliminary hearing and a future non-trial disposition. Berry concedes that the trial court had no knowledge of the purported agreement and candidly admits that "[i]t is impossible to fault the trial court for accepting the plea on the corrupt organization offense and ultimately sentencing [Berry] on the charge when the court had no knowledge of the bargain." Berry's Brief at 23. Nevertheless, Berry maintains that the prosecution had a duty to inform the trial court of the agreement. Berry argues that this Court should either vacate the sentence imposed on the corrupt organization count or remand the matter back to the trial court to conduct additional discovery regarding the terms of any agreement that Berry may have made with the Commonwealth.

We must first determine whether Berry preserved this issue for our review. The trial court observed that:

_____

Appellate Procedure specify that an appellant must divide the argument section of his or her brief "into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). By discussing multiple issues in a single section of his brief, Berry failed to comply with this rule.

[5] Berry pleaded guilty to three counts of corrupt organizations. However, he does not specify which count of corrupt organizations is the subject of the purported agreement with the Commonwealth.

at [Berry's] guilty plea proceeding, neither defense counsel nor [Berry] raised the existence of this alleged agreement, even when the Commonwealth reviewed the elements of these charges with [Berry]. Subsequently at [Berry's] sentencing hearing, neither defense counsel nor [Berry] raised the existence of the alleged agreement any point during the proceedings.

Trial Court Opinion, 1/29/21, at 9. The trial court additionally noted that the issue was raised for the first time in Berry's second post-sentence motion, which the trial court dismissed as untimely filed. Thus, Berry failed to preserve this issue for our review by raising it before the trial court at the plea hearing, at sentencing, or in a timely post-sentence motion. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Thus, Berry's second and third issues are waived.[6]

In Berry's fourth and fifth issues, he challenges the discretionary aspects of his sentence.[7] "Challenges to the discretionary aspects of sentencing do

_____

[6] Had this Court not found waiver, these issues would nevertheless fail on the merits due to the absence of any credible evidence that the Commonwealth agreed that any particular charge would be *nolle prossed* or dismissed in exchange for Berry's agreement to waive the preliminary hearing. *See* Trial Court Opinion, 1/29/21, at 8-9 (wherein the trial court determined that Berry's assertions regarding the existence of the claimed "agreement" were not credible, noting that Berry did not include any evidence indicating that the Commonwealth accepted any "agreement" nor any evidence indicating the terms of said "agreement").

[7] Generally, a plea of guilt amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea. *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). However, under certain
*(Footnote Continued Next Page)*

not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.[A.] § 9781(b).

***Id***. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***See Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Berry filed a timely notice of appeal, and a timely post-sentence motion for reconsideration of sentence in which he challenged

_____

circumstances, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. ***See Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa. Super. 1994). In the instant matter, Berry entered an open guilty plea. Accordingly, he retained the right to challenge the discretionary aspects of his sentence. ***See Commonwealth v. Luketic***, 162 A.3d 1149, 1159 (Pa. Super. 2017) (holding that when a defendant enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, he waives the right to challenge all non-jurisdictional defects except the legality of the sentence and the validity of the plea, but retains the right to challenge the discretionary aspects of his sentence).

the discretionary aspects of his sentence.[8]  Additionally, Berry's brief includes a Rule 2119(f) statement.  Thus, we will proceed to review Berry's Rule 2119(f) statement to determine whether Berry has presented a substantial question for our review.

In his Rule 2119(f) statement, Berry concedes that each of his sentences falls within the standard range of the sentencing guidelines.  However, he claims that his aggregate sentence of twenty to forty years in prison is harsh and excessive due to the imposition of multiple, lengthy, consecutive sentences for similar conduct in a single criminal episode.[9]

Regarding the imposition of consecutive sentences and whether a substantial question has been raised, this Court has held:

---

[8] The post-sentence motion Berry filed on January 22, 2020, which the trial court accepted as timely filed, raised a challenge to the discretionary aspects of Berry's sentence (*i.e.*, that the consecutive nature of certain of his sentences rendered the aggregate sentence harsh and excessive).

[9] In his Rule 2119(f) statement, Berry additionally asserts that the trial court did not adequately consider his background, rehabilitative needs, vocational needs, mental health needs, or any other factors individualized to him.  He further claims that, although his co-defendants were engaged in the same or greater criminal activity and had more serious prior criminal records, they received substantially lesser sentences than those imposed on Berry. Importantly, Berry did not raise these claims at sentencing or in his January 22, 2020, post-sentence motion.  Instead, the only claim that Berry raised in that post-sentence motion was that his sentence was harsh and excessive due to the consecutive nature of certain of the sentences imposed.  Thus, this is the only discretionary sentencing issue that Berry preserved for our review. Accordingly, all other discretionary sentencing issues that Berry attempts to raise for the first time on appeal, either in his Rule 2119(f) statement or in his brief, are waived.

- 9 -

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, . . . 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, . . . 52 A.3d 365, 372 (Pa. Super. 2012) [(*en banc*)].

[An appellant] may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa. Super. 2015) (quotations and citations omitted).

Because Berry claims that the consecutive sentences were unduly harsh in light of the nature of his crimes and length of his sentence, we conclude that he has raised a substantial question. Therefore, we will consider the merits of his sentencing claim.

Our review is governed by the following principles:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 10 -

***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).

The imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. ***Commonwealth v. Lloyd***, 878 A.2d 867, 873 (Pa. Super. 2005). The Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. ***See*** 42 Pa.C.S.A. § 9721; ***see also Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005).

Furthermore, "[w]here a sentence is within the standard range of the [sentencing] guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury,*** 992 A.2d 162, 171 (Pa. Super. 2010); ***see also Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (explaining that a sentence within the guidelines is presumed to be reasonable).

Additionally, "[w]here the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id.*** (internal citation omitted); ***see also Commonwealth v. Cruz—Centeno***, 668 A.2d 536, 546 (Pa. Super. 1995) (finding that a standard range sentence

imposed following consideration of a PSI report was neither excessive nor unreasonable).

However, section 9781(c)(2) of the Sentencing Code provides that on appeal, this Court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds: . . . the sentencing court sentenced within the sentencing guidelines[,] but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa. C.S.A. § 9781(c)(2). In determining whether a particular sentence is clearly unreasonable,

> the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the presentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.

*Commonwealth v. Coulverson*, 34 A.3d 135, 147 (Pa. Super. 2011) (citation omitted).

Here, the trial court determined that Berry is a "violent offender who participated in a brazen armed robbery, attempted to kidnap a business owner and assaulted the owner multiple times with a firearm during the kidnapping attempt when the owner attempted to flee." Trial Court Opinion, 1/29/21, at 13. The trial court further determined that Berry "is also a drug dealer who was in possession of a firearm which he was not permitted to possess due to a prior conviction." *Id*. Given the magnitude of Berry's actions, the trial court

determined that he was not entitled to a "volume discount" for his crimes, and that running certain of the sentences consecutively was warranted. *Id*. at 14. We discern no abuse of discretion in the trial court's decision to run certain of Berry's sentences consecutively.

Moreover, the record reflects that the trial court had the benefit of a PSI and that each of the sentences imposed on Berry fell within the standard range of the sentencing guidelines. Thus, even though certain of Berry's sentences were imposed consecutively, given Berry's background and characteristics as well as the particular circumstances of the offenses involved, his aggregate sentence cannot be considered unduly harsh or manifestly unreasonable. Accordingly, his discretionary sentencing claim warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2021